# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MICHAEL T. and JILLIAN A. SHIFFLETT, \*
parents and natural guardians of         \*   No. 09-745V
ABIGAIL SHIFFLETT, a minor,              \*   Special Master Christian J. Moran
                                         \*
       Petitioners,                      \*   Filed: April 30, 2014
                                         \*
v.                                       \*   Stipulation; Trivalent influenza
                                         \*   ("flu") vaccine; mononeuropathy
                                         \*   and esotropia.
SECRETARY OF HEALTH                      \*
AND HUMAN SERVICES,                      \*
                                         \*
       Respondent.                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ramon Rodriguez, III, Rawls, McNelis & Mitchell, P.C., for Petitioner;
Glenn A. Macleod, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On April 25, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Michael T. and Jillian A. Shifflett, on behalf of their daughter, Abigail Shifflett, on October 30, 2009. In their petition, the Shiffletts alleged that the Trivalent influenza ("flu") vaccine which Abigail received on November 9, 2006, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer mononeuropathy of the 6th cranial nerve and esotropia. Petitioners represent that there has been no prior award or settlement of a civil action for damages on Abigail's behalf as a result of her alleged vaccine injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the flu vaccine caused Abigail's alleged mononeuropathy of the 6th cranial nerve and esotropia or any other injury, and further denies that her current disabilities are a sequela of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $175,000.00 in the form of a check payable to petitioners, Michael T. and Jillian A. Shifflett, as guardians/conservators of Abigail's estate representing compensation for all damages available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 9-745V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Marc Langston, at (202) 357-6392.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL T. and JILLIAN A. SHIFFLETT,
parents and natural guardians of
ABIGAIL SHIFFLETT, a minor,

    Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * *

No. 09-745V (ECF)
SPECIAL MASTER
CHRISTIAN J. MORAN

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioners, Michael T. Shifflett and Jillian A. Shifflett, as the parents of Abigail Shifflett ("Abigail"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Abigail's receipt of trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Abigail received a flu vaccination on or about November 9, 2006.

3. The vaccine was administered within the United States.

4. Petitioners claim that Abigail suffered mononeuropathy of the 6th cranial nerve and esotropia, which were caused in fact by the flu immunization she received on or about November 9, 2006.

Page 1 of 6

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on Abigail's behalf as a result of her alleged vaccine injury.

6. Respondent denies that the flu vaccine caused Abigail's alleged mononeuropathy of the 6th cranial nerve and esotropia or any other injury, and further denies that her current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $175,000.00, in the form of a check payable to petitioners, as guardians/conservators of Abigail Shifflett's estate, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as Legal Guardians or conservators of Abigail Shifflett's estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as Legal Guardians or conservators of Abigail Shifflett's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as Legal Guardians or conservators of the estate of Abigail Shifflett at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Legal Guardian(s) or conservator(s) of the estate of Abigail Shifflett upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Abigail as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as guardians/conservators of Abigail Shifflett's estate, and on behalf of Abigail, and Abigail's heirs, executors, administrators, successors, and assigns, do forever

irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Abigail Shifflett resulting from, or alleged to have resulted from, the flu vaccination administered on or about November 9, 2006, as alleged by petitioners in a petition for vaccine compensation filed on or about October 30, 2009, in the United States Court of Federal Claims as petition No. 09-745V.

15. If Abigail should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccination caused Abigail's alleged mononeuropathy of the 6th cranial nerve and esotropia or any other injury or any of her current disabilities.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as guardians/conservators of Abigail Shifflett's estate.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

*signature*

MICHAEL T. SHIFFLETT

*signature*

JILLIAN A. SHIFFLETT

ATTORNEY OF RECORD FOR PETITIONER:

*signature*

RAMON RODRIGUEZ, III, M.D., ESQ.
Rawls, McNelis & Mitchell, P.C.
211 Rocketts Way
Suite 100
Richmond, Virginia 23231
Tel: (804) 782-0608

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*signature*

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*signature*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*signature*

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated: 4/25/14